# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ELIZABETH ANN GRAY, | \* | |
| | \* | No. 15-1542V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: June 12, 2017 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs, reasonable |
| AND HUMAN SERVICES, | \* | rate for attorney from Nashville, TN |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Russell W. Lewis, IV</u>, Johnson Law Group, Nashville, TN, for Petitioner;
<u>Douglas Ross</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

   Elizabeth Ann Gray received compensation through the National Childhood Vaccine Compensation Program.  She is now seeking an award for her attorneys' fees and costs.  She is awarded $13,441.18.

\*     \*     \*

   Represented by Attorney Russell W. Lewis, Ms. Gray filed her petition on December 17, 2015.  She received compensation based upon the parties' stipulation.  Decision, 2016 WL 6945314 (Fed. Cl. Spec. Mstr. Nov. 1, 2016).

   On April 21, 2017, Ms. Gray filed a motion requesting an award of attorneys' fees and costs.  The motion seeks a total of $22,097.68, comprised of

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

$20,185.00 in attorneys' fees and $1,912.68 in attorneys' costs.[2]  Ms. Gray did not incur any costs.

The Secretary filed a response to Ms. Gray's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed April 24, 2017, at 2.  With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. Gray received compensation, she is entitled to an award of reasonable attorneys' fees and costs by right.  42 U.S.C. § 300aa–15(e)(1).  Thus, the unresolved question is: what is a reasonable amount of attorneys' fees and costs?

## I.      Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

### A.      Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this

---

[2] Technically, Ms. Gray's motion sought an additional $63.00.  However, Ms. Gray's motion contains a mathematical error with respect to the 2017 paralegal charges.

general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Thus, under Avera, the determination of an attorney's hourly rate is a three-step process.  "First, the hourly rate in the attorneys' local area must be established.  Second, the hourly rate for attorneys in Washington, DC must be established.  Third, these two rates must be compared to determine whether there is a very significant difference in compensation."  Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing Avera, 515.3d at 1353 (Rader, J. concurring)), mot. for rev. denied (slip op. Dec. 10, 2009), aff'd, 634 F.3d 1283 (Fed. Cir. 2011), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

Ms. Gray requests compensation for three people.  The primary person is her attorney, Mr. Lewis.  For work in this case, Mr. Lewis has charged $350.00 per hour for work in 2015, 2016, and 2017.  Ms. Gray also requests compensation for a paralegal and a law clerk, who have billed at $125 per hour and $65 per respectively.  Ms. Gray did not specify whether she was claiming that Mr. Lewis should be compensated at forum rates or local (Nashville) rates.

Recently, the undersigned determined reasonable hourly rates for two attorneys with significant experience in the Vaccine Program from Memphis, Tennessee.  For Michael McLaren, an attorney with more than 40 years of experience, a reasonable hourly rate for work performed in 2015 was $320.00.  For William Cochran, an attorney admitted to the bar in 2001, a reasonable hourly rate for work performed in 2015 was $272.00.  These attorneys from Memphis did not establish that they were entitled to rates prevailing in the forum.  E.S. v. Sec'y of Health & Human Servs., No. 15-1222, 2017 WL 2417770 (Fed. Cl. Spec. Mstr. May 12, 2017).

Mr. Lewis was admitted to his first state bar in 2005, giving him 12 years of experience.  Compared to Mr. Cochran, Mr. Lewis has less experience overall and less experience representing petitioners in the Vaccine Program.  Thus, Mr. Lewis's hourly rate should be slightly lower than Mr. Cochran's hourly rate because the areas where they work, Memphis and Nashville, have relatively similar

costs of living.  Under these circumstances, a reasonable hourly rate for Mr. Lewis's work in the Vaccine Program is $260 per hour.[3]

Based upon an analysis of reported decisions from across Tennessee, the undersigned also determined that a reasonable rate for paralegal work in 2015 was $105.00 per hour.  E.S., 2017 WL 2417770, at *9.  This rate remains reasonable for paralegal work performed in Nashville.  The proposed rate for law clerk assistance, $65.00 per hour, is reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Here, Mr. Lewis's invoice are problematic in several respects.  The most significant flaw is that multiple entries are vague.  One example that occurs many times is "Email to client and note to file."  Mr. Lewis has not provided any context or explanation about the topic of the communication.  "[A]dequately identif[ing] the purpose of the activities" does "not in most cases invade the attorney-client privilege when applied to client communications."  Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).

The consistent vagueness in the entries carries over to raise other deficiencies.  For example, because Mr. Lewis has not specified the content of the communication, determining whether Mr. Lewis or his paralegal could have

---

[3] Ms. Gray filed affidavits from attorneys supporting Mr. Lewis's proposed hourly rate. However, the affiants seem not to have considered that work in the Vaccine Program is less complex than traditional litigation and commands relatively lower hourly rates.  See Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381, 1385 (Fed. Cir. 2011).

spoken with or emailed the client is not possible.  Mr. Lewis's time (55.5 hours) far exceeds the paralegal's time (3.2 hours).  In the undersigned's experience, paralegals typically spend many more hours on tasks such as gathering medical records.  If Mr. Lewis did spend time gathering medical records, he should have billed this time at a paralegal (not attorney) rate.  <u>Riggins v. Sec'y of Health & Human Servs.</u>, No. 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), <u>mot. for review denied</u> (slip op. Dec. 10, 2009), <u>aff'd</u>, 406 F. Appx 479 (Fed. Cir. 2011).

The suggestion that Mr. Lewis may have spent some time collecting medical records finds further support in Mr. Lewis's filing of documents.  Filing documents is a clerical task for which attorneys should not charge.  <u>See</u> <u>Guerrero v Sec'y of Health & Human Servs.</u>, No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), <u>mot. for rev. denied in relevant part and granted in non-relevant part</u>, 124 Fed. Cl. 153, 160 (2015), <u>app. dismissed</u>, No. 2016-1753 (Fed. Cir. April 22, 2016).

Finally, Mr. Lewis appears to have separately billed 0.1 hours for every part of email conversations.  Because of the lack of details, assessing the reasonableness of this activity is not possible.  For example, if the email concerned a simple change in schedule, a paralegal or secretary could have handled the issue.  Even on topics that an attorney appropriately handles, repetitive billing for emails can be excessive.  <u>Guerrero v. Sec'y of Health & Human Servs.</u>, 124 Fed. Cl. 153, 159 (2015) (ruling the special master was not arbitrary in deducting time charged for sending and receiving emails separately), <u>app. dismissed</u>, No. 2016-1753 (Fed. Cir. April 22, 2016); <u>Floyd v Sec'y of Health & Human Servs.</u>, No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

For these reasons, Mr. Lewis's time is reduced by 25 percent.  No adjustment is needed for the hours charged by the paralegal and law clerk.

C.      <u>Summary</u>

As set forth above, adjustments are required for Mr. Lewis's hourly rate, the paralegal's hourly rate, and the number of hours invoiced by Mr. Lewis.  A reasonable amount of attorneys' fees is **$11,528.50**.

## II.    Costs

In addition to seeking an award for attorneys' fees, Ms. Gray seeks compensation for costs expended, totaling $1,912.68.  The costs for routine items, such as medical records and the filing fee are reasonable.  Ms. Gray is awarded these costs ($1,062.68) in full.

The balance is for a consultation with an expert for which the charge is $850.00.  Entries for July 15, 2015 and August 4, 2015.  Ms. Gray submitted an adequate invoice for the work of Dr. James A. Sexson.  Thus, Ms. Gray is also awarded this cost in full.

*        *        *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $13,441.18 ($11,528.50 in fees and $1,912.68 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $13,441.18 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $13,441.18 in the form of a check made payable to petitioner and petitioner's attorney, Russell W. Lewis of Johnson Law Group, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.